# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 1:15-CR-28-TLS |
| | ) | |
| TYRONE M. WRIGHT | ) | |

## OPINION AND ORDER

The Defendant, Tyrone M. Wright, was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(e). He moved to dismiss allegations contained in the Superseding Indictment [ECF No. 26]. Separately, the Defendant moved to suppress statements, and that Motion [ECF No. 22] was referred to Magistrate Judge Susan Collins. Judge Collins issued a Report and Recommendation [ECF No. 82] denying the Defendant's Motion. For the reasons stated below, the Court denies the Defendant's Motion to Dismiss and adopts the Report and Recommendation denying the Defendant's Motion to Suppress.

## BACKGROUND

On May 27, 2015, the Government filed a one-count Indictment [ECF No. 1], superseded on October 28, 2015, charging the Defendant with being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The one-count Superseding Indictment charged the Defendant with possessing a firearm on or about March 25, 2015. The Government also charged the Defendant under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), which provides, in relevant part: "[i]n the case of a person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this

title and imprisoned not less than fifteen years." The Superseding Indictment included the following predicate offenses for an enhanced punishment under § 924(e):

> On or about September 24, 2007, the [D]efendant was convicted in the Superior Court of Allen County, Fort Wayne, Indiana, in Cause No. 02D04-0703-FC-48, of Battery, a Class C Felony, and Burglary, a Class B Felony; and
>
> On or about January 3, 2001, the [D]efendant was convicted in the Superior Court of Allen County, Fort Wayne, Indiana, in Cause No. 02D04-0006-CF-320, of Dealing in Cocaine or Narcotic Drug, a Class B Felony; and
>
> On or about February 10, 1994, the [D]efendant was convicted in the St. Joseph County Superior Court, South Bend, Indiana, in Cause No. 71D019306CF00562, of Conspiracy to Deal in Cocaine and Dealing in Cocaine, a Class B Felony.

(Superseding Indictment 1, ECF No. 26.)

On October 21, 2015, the Defendant filed a Motion to Suppress Statements, arguing that they were taken in violation of the Fifth, Sixth, and Fourteenth Amendments. The Government filed its Response in Opposition [ECF No. 35] on November 30, 2015. In addition, the Defendant requested an evidentiary hearing on his Motion, which Judge Collins conducted on June 8, 2016. After the hearing, the parties submitted additional briefing on the Motion. On October 21, 2016, Judge Collins issued her Report and Recommendation in which she recommended that the Defendant's Motion be denied. Neither party filed an objection to the Report and Recommendation within the time specified for doing so.

On August 25, 2016, the Defendant moved to dismiss the 18 U.S.C. § 924(e) allegations contained in the Superseding Indictment. Citing to recent United States Supreme Court decisions in *Samuel Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), the Defendant argued that he lacked the requisite number of violent felonies as defined under the ACCA to receive an enhancement. The Government argued that *Johnson* did not invalidate the Defendant's convictions for ACCA enhancement purposes. Neither party

asserted that an evidentiary hearing was required for the Court to rule on the Defendant's Motion.

## MOTION TO DISMISS

The Defendant challenges the use of his 2007 conviction as a predicate offense under the ACCA. In the Superseding Indictment, the 2007 conviction stated:

> On or about September 24, 2007, the [D]efendant was convicted in the Superior Court of Allen County, Fort Wayne, Indiana, in Cause No. 02D04-0703-FC-48, of Battery, a Class C Felony, and Burglary, a Class B Felony

(Superseding Indictment 1.) If either his conviction for Battery or Burglary qualifies as a predicate offense under the ACCA, then the Court will deny the Defendant's Motion to Dismiss the allegations contained in the Indictment.

Under the ACCA, a "'violent felony' means any crime punishable by imprisonment for a term exceeding one year . . . that—"

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another* . . . .

18 U.S.C. § 924(e)(2)(B)(emphasis added). The italicized portion of the statute, known as the residual clause, was held unconstitutional. *Samuel Johnson*, 135 S. Ct. at 2557–58, 2563. Therefore, if a defendant is sentenced under the ACCA, his previous convictions must qualify under the force clause, § 924(e)(2)(B)(i), or the four enumerated offenses, *id.* § (ii); *Samuel Johnson*, 135 S. Ct. at 2563.

The Supreme Court has outlined two permissible ways for a federal sentencing court to determine if a prior conviction counts as a violent felony under the ACCA: the "categorical

3

approach" and the "modified categorical approach." *See Mathis*, 136 S. Ct. at 2251–54; *Descamps v. United States*, 133 S. Ct. 2276, 2283–85 (2013).

The categorical approach is the primary method for considering whether a previous conviction qualifies as an ACCA predicate offense. The sentencing court "looks at the elements of the statute of conviction to determine if it has as an element the use, attempted use, or threatened use of physical force against the person of another." *United States v. Yang*, 799 F.3d 750, 752 (7th Cir. 2015) (quotation marks omitted). The court may only use two tools for this task—the statute's text and the judgment. *Id.* If the statute sets out elements, then the sentencing court must decide, based on those alone, if the statute describes a violent felony for purposes of the ACCA. *Id.* The sentencing court is not permitted to look to outside materials in making this determination. *Id.*

By contrast, a statute will sometimes be "divisible" and list alternative methods of committing one offense (elements *in the alternative*). *Mathis*, 136 S. Ct. at 2256; *Yang*, 799 F.3d at 753 (emphasis added). Some of the alternative methods may qualify as a violent felony under the ACCA, but some may not. If not all the statute's alternatives would qualify and the judgment merely identifies the statute of conviction, then the court uses the modified categorical approach. *Yang*, 799 F.3d at 753. Under the modified categorical approach, the sentencing court is permitted to look to outside documents,[1] such as "charging documents, plea agreements, jury instructions, plea and sentencing transcripts, and findings of fact and conclusions of law from a bench trial" for the limited purpose of determining which alternative served as the basis of the

---

[1] These are referred to as "*Shepard* documents" after *Shepard v. United States*, 544 U.S. 13 (2005).

4

defendant's conviction. *Id.*[2] In considering this, the court is only deciding whether the actual statute of conviction qualified as a violent felony for ACCA purposes. *Id.* Once more, the sentencing court is prohibited from looking beyond the crime's elements to determine the facts underlying the defendant's conviction. *Id.*

The parties dispute whether Indiana's battery statute is divisible or indivisible. The Government argues that whether or not the statute is divisible or indivisible, it qualifies as a violent felony for purposes of the ACCA. The Defendant seems to argue that Indiana felony battery is divisible, as that statute "does not require actions on the part of the defendant that would amount to a 'violent felony.'" (Mot. Dismiss 9.)

In Indiana, "[a] person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a Class B misdemeanor." Ind. Code § 35-42-2-1(a)(1).[3] The offense is elevated to:

> (3) a Class C felony if it results in serious bodily injury to any other person or if it is committed by means of a deadly weapon; . . .
>
> (6) a Class C felony if it results in serious bodily injury to an endangered adult . . . .

*Id.* § 35-42-2-1(a)(3), (a)(6) (citations omitted).[4] The Court finds that Class C felony battery under Indiana law is a divisible statute. Class C felony occurs if either the battery results in serious bodily injury to any other person or an endangered adult, *or* if the battery is committed by means of a deadly weapon. The use of the disjunctive "or" shows that these are alternative

---

[2] If the underlying judgment is so ambiguous that the court cannot even identify what the statute of conviction was, then the sentencing court may employ the modified categorical approach and use *Shepard* documents to determine that statute. *Yang*, 799 F.3d at 755.

[3] The relevant statutory provision was recodified as § 35-42-2-1(c), effective July 1, 2016. The Court cites to the statutory provisions in effect on the date of the alleged offense.

[4] Effective July 1, 2014, Indiana's battery statute was amended, in relevant part, to designate each of these offenses as a "Level 5 felony," rather than as "Class C" felonies. Act of May 6, 2013, Pub. L. 158-2013, § 420. Otherwise, the relevant portion of the Indiana battery statute is unchanged from when the Defendant was convicted. *See* Pub. L. 2-2005, § 125; Pub. L. No. 148, sec. 2.

means to be convicted of Class C felony battery, similar to the burglary statute in *Mathis*. *See* 136 S. Ct. at 2249–50 (noting that the statute "itemize[d] the various places that [burglary] could occur," which was "any building, structure, [or] land, water, or air vehicle"). Further, the Supreme Court has intimated that Indiana Class C felony battery is a divisible statute that sets out elements in the alternative. *See United States v. Castleman*, 134 S. Ct. 1405, 1419 (2014) (Scalia, J., concurring in part and concurring in the judgment) (noting that Indiana felony burglary was one of 19 state "statutes . . . that prohibited both of types of conduct, but did so in a divisible manner—thus making it possible to identify the basis for a conviction by inspecting charging documents and similar materials").

Because the Court finds that Indiana's Class C felony battery statute is divisible, the Court employs the modified categorical approach to determine which alternative under section 35-42-2-1 was the basis for the Defendant's prior conviction in this case. The Court is permitted to consider *Shepard* documents for the limited purpose of determining whether that specific alternative "has as an element the use, attempted use, or threatened use of physical force against the person of another," § 924(e)(2)(B)(i), and thus qualifies as a violent felony. Prohibited from this inquiry is any consideration of the facts leading to the Defendant's actual conviction. *Yang*, 799 F.3d at 753. The Supreme Court instructs that "in the context of a statutory definition of 'violent felony,' the phrase 'physical force' means violent force—that is, force capable of causing physical pain or injury to another person." *Curtis Johnson v. United States,* 559 U.S. 133, 140 (2010).

Here, the charging documents show that the Defendant was convicted of Class C felony battery because his conduct "result[ed] in serious bodily injury to" any other person. (Am. Information Battery, ECF No. 81-2.) In Indiana, serious bodily injury "means bodily injury that

6

creates a substantial risk of death or that causes (1) serious permanent disfigurement; (2) unconsciousness; (3) extreme pain; (4) permanent or protracted loss or impairment of the function of a bodily member or organ; or (5) loss of a fetus." Ind. Code § 35-41-1-25.[5] This specific element under subsection (a)(3) clearly satisfies the force clause because it involves "the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i);*United States v. Davis*, 545 F. App'x 513, 515 (7th Cir. 2013); *cf. Yates v. United States*, —F.3d— , 2016 WL 7030342, at *2 (7th Cir. Dec. 2, 2016) (holding that a conviction under Wisconsin law criminalizing battery by a prisoner was a violent felony under the ACCA).

The Defendant disputes that the statute qualifies as a "violent felony" because one can be convicted of Class C felony battery if his conduct "results" in serious bodily injury without his conduct actually "causing" serious bodily injury. In support, he cites to *United States v. Evans*, 576 F.3d 766 (7th Cir. 2009), which held that Illinois aggravated battery did not qualify as a violent felony for ACCA purposes. *Id.* at 769. But the Seventh Circuit has since limited *Evans* given its procedural posture—the government "fail[ed] to argue that the predicate crime of conviction . . . [wa]s characteristically violent and aggressive." *See United States v. Capler*, 636 F.3d 321, 328 (7th Cir. 2011) (quoting *Evans*, 576 F.3d at 769) ("[T]he government doesn't argue that most insulting or provoking conduct with a pregnant woman is violent, as the conduct in the present case was . . . .") What is more, the Defendant's argument conflates misdemeanor and felony battery. Misdemeanor battery only requires the "touch[ing of] another person in a rude, insolent, or angry manner," Ind. Code § 35-42-2-1(a)(1), which can be conduct that does not rise to the level of "violent felony," *see Curtis Johnson*, 559 U.S. at 138–45 (finding that a

---

[5] Effective June 30, 2012, Indiana re-codified this definition in section 35-31.5-2-292 of the Indiana Code.

prior conviction for Florida misdemeanor battery was not a violent felony). But for felony battery, the Seventh Circuit has stated that "it is enough if the force is 'capable of' causing pain." *Yates*, 2016 WL 7030342, at *1. Obviously, it is theoretically possible that the statute could reach conduct that "results" in serious bodily injury but is not "capable of" causing the same, but the Court is only required to consider "realistic probabilit[ies]" for the interpretation of criminal statutes. *See Gonzalez v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). This distinction is not realistic.

Because the Court finds that Class C felony battery is a "violent felony" under the ACCA, the Defendant's prior conviction for Class C felony battery may serve as predicate offense in the charging instrument. Accordingly, the Motion to Dismiss the allegations contained in the Superseding Indictment is denied.[6]

## MOTION TO SUPPRESS

Under 28 U.S.C. § 636(b)(1)(A)–(B), a magistrate judge does not have authority to issue a final order on a motion to suppress evidence in a criminal case. Instead, the magistrate judge submits proposed findings of fact and recommendations to the district court. A party must submit written objections to the proposed findings and recommendations within fourteen days after being served with a copy. If a party files a timely objection to the magistrate judge's report and recommendation, § 636(b)(1) provides that the district judge is to make a de novo determination of those portions of the report or specified proposed findings or recommendations to which

---

[6] Both parties extensively briefed the question of whether the Defendant's prior conviction for Class B burglary is a violent felony, and the Government also requested that this Court revisit its prior decision in *United States v. Handshoe*, No.: 1:15-CR-35, 2016 WL 4453242 (N.D. Ind. Aug. 24, 2016). This Court's determination that the Defendant's felony battery conviction qualifies as an ACCA predicate offense would render any ruling on his felony burglary conviction dicta. Thus, the Court declines the parties' invitation to address the felony burglary conviction or reconsider *Handshoe*.

8

objection is made. The court may accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge also may receive further evidence or recommit the matter to the magistrate judge with instructions.

As of the date of this Order, no objection to the Report and Recommendation has been filed, and the time for making objections has now passed. The Court has reviewed the Report and Recommendation submitted by Judge Collins and finds that her proposed disposition carefully considered the evidence presented at the hearing and does not contain legal error. Accordingly, the Court adopts the Report and Recommendation, and denies the Defendant's Motion to Suppress Evidence.

## CONCLUSION

For the reasons stated above, the Defendant's Motion to Dismiss [ECF No. 76] is DENIED. The Court ADOPTS the Magistrate Judge's Report and Recommendation [ECF No. 82] and DENIES the Defendant's Motion to Suppress Statements [ECF No. 22].

SO ORDERED on December 19, 2016.

       s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT